[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10439
_____

D.C. Docket Nos. 8:12-cv-00723-JDW-TGW,
8:08-cr-00318-JDW-TGW-1

CHARLES JACKSON FRIEDLANDER,

Petitioner - Appellant,

versus

UNITED STATES OF AMERICA,

Respondent - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(June 30, 2014)

Before JORDAN, Circuit Judge, and BARTLE,[*] and BERMAN,[**] District Judges.

---

[*]  Honorable Harvey Bartle III, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

[**]  Honorable Richard M. Berman, United States District Judge for the Southern District of New York, sitting by designation.

PER CURIAM:

Dr. Charles Jackson Friedlander appeals the district court's denial, without an evidentiary hearing, of his motion to vacate his conviction and 30-year sentence for child enticement. *See* 18 U.S.C. § 2422(b).  Following oral argument and a review of the record, we affirm.  We presume the parties' familiarity with the facts and the record, and set out only what is necessary to explain our decision.

## I

To prevail on his claims of ineffective assistance of counsel, Dr. Friedlander must establish two things: (1) that "counsel's performance was deficient," meaning it "fell below an objective standard of reasonableness," and (2) that "the deficient performance prejudiced the defense."  *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).  To satisfy the deficient performance prong, Dr. Friedlander must show that counsel made errors so serious that he was not functioning as the counsel guaranteed by the Sixth Amendment.  *See id.* at 687.  And he must rebut the strong presumption that his counsel's conduct fell within the range of reasonable professional assistance.  *See id.* at 689.  He may satisfy the prejudice prong by showing a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id.* at 694.  "The

2

likelihood of a different result must be substantial, not just conceivable."
*Harrington v. Richter*, ___ U.S. ___, 131 S. Ct. 770, 792 (2011).

A claim of ineffective assistance of counsel presents a mixed question of law and fact that we review *de novo*. *See Gordon v. United States*, 518 F.3d 1291, 1296 (11th Cir. 2008). We review the district court's legal conclusions *de novo*, but our review of the district court's subsidiary factual findings is only for clear error. *See Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004).

## II

We granted Dr. Friedlander a certificate of appealability on three issues:

> (1) Whether the district court erred in finding that [Dr.] Friedlander's trial counsel were not ineffective in their preparation of Dr. Frederick Berlin for a *Daubert*[1] hearing?
>
> (2) Whether the district court erred in finding that [Dr.] Friedlander's trial counsel were not ineffective for failing to call Dr. Berlin as a witness at sentencing?
>
> (3) Whether the district court erred in finding that [Dr.] Friedlander's appellate counsel were not ineffective for failing to challenge the use of uncharged conduct as "relevant conduct" for purposes of U.S.S.G. § 1.B1.3?

We conclude that the district court did not err in its rulings.

---

[1] *Daubert v. Merrill Dow Pharm., Inc.*, 509 U.S. 579 (1993).

**A**

We agree with the district court that, even if trial counsel rendered deficient performance in improperly preparing Dr. Berlin for the *Daubert* hearing, Dr. Friedlander has not shown a reasonable probability that the jury would have acquitted him at the second trial. The first ineffectiveness claim therefore fails under the prejudice prong of *Strickland*.

After the *Daubert* hearing, the district court ruled that Dr. Berlin could not testify about the topic of Internet fantasy, but could testify that in his opinion Dr. Friedlander was not a pedophile or sexual sadist. Dr. Berlin testified at the first trial, which resulted in a mistrial, but did not testify at the second trial, in which the jury found Dr. Friedlander guilty. Assuming that Dr. Berlin, with proper preparation for the *Daubert* hearing, would have been allowed to testify about Internet fantasy, and assuming that he would have been called as a witness at the second trial, he would only have been able to tell the jury that (a) sometimes people act out sexual fantasies and take on fictional personas on the Internet, (b) that there are certain factors that he would look at to determine whether someone was simply engaged in fantasies, and (c) that those who engage in fantasies do not do harm to others (including children). Under Rule 704(b), he would not have been able to testify about Dr. Friedlander's actual mental state, which was an element of the child enticement offense. *See* Dr. Berlin's Expert Report [D.E. 6-

4

8] at 4-5, 7-8; Dr. Berlin's Affidavit [D.E. 12-1] at 4-5; Dr. Berlin's Testimony at the *Daubert* Hearing [D.E. 280 in Case No. 8:08-CR-318-T-27TGW (M.D. Fla. 2008)] at 16-26, 56-60.

Dr. Friedlander did not testify at the second trial and he cannot show that Dr. Berlin's testimony would have created a reasonable probability of an acquittal. The evidence at trial showed that Dr. Friedlander traveled to meet with the person who turned out to be the undercover officer, and in his car he had some of the devices or instruments he had mentioned in the chats. That strongly suggests a desire to carry out what had been discussed during the online chats. *See Purvis v. Crosby*, 451 F.3d 734, 738 (11th Cir. 2006) ("When we are considering defective performance at the guilt stage, the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt.") (internal quotation marks omitted). We therefore conclude that Dr. Friedlander has failed to satisfy the prejudice prong of *Strickland*.

**B**

Dr. Friedlander also has not shown *Strickland* prejudice from his trial counsel's failure to call Dr. Berlin as a witness at sentencing or from his appellate counsel's failure to challenge the use of purported relevant conduct at sentencing. Assuming that trial counsel's decision not to use Dr. Berlin at sentencing was not a

5

reasonable strategic decision, and that appellate counsel rendered deficient performance in not raising the relevant conduct argument, Dr. Friedlander has not demonstrated a reasonable probability of a lesser sentence or a reversal on direct appeal.

Looking at the sentencing hearing first, we conclude that there is no reasonable probability that the district court would have sentenced Dr. Friedlander to less time in prison had Dr. Berlin presented his opinions on future dangerousness and treatment.  We come to this conclusion for a number of reasons: (1) trial counsel provided the district court with a letter written by Dr. Berlin at sentencing, and the district court, referencing that letter and the testimony at the *Daubert* hearing, disagreed with Dr. Berlin's opinion that Dr. Friedlander's conduct was fantasy role playing, *see* Sentencing Transcript [Case No. 8:08-CR-318-T-27TGW (M.D. Fla. 2008), D.E. 304] at 79; (2) the district court found that "[t]his wasn't just fantasy," *see id.* at 80; (3) the district court found that Dr. Friedlander had testified falsely at his first trial, *see id.* at 78; (4) the district court imposed a 30-year sentence despite recognizing that at Dr. Friedlander's advanced age "any sentence [was] . . . likely to be a death sentence," *see id.* at 79; (5) the district court found that Dr. Friedlander had an interest in children and posed a risk to them, *see id.* at 81-83; and (6) the district court thought that the sentence imposed had to provide for general deterrence, *see id.* at 83-84.  Indeed, in denying

6

§ 2255 relief, the district court ruled that Dr. Berlin's testimony about future dangerousness and treatment options would not have led to a different sentence. *See* Order Denying Motion to Vacate [D.E. 14] at 28.

With respect to the ineffectiveness claim relating to appellate counsel, the relevant proceeding for evaluating prejudice is Dr. Friedlander's direct appeal. *See Dell v. United States*, 710 F.3d 1267, 1274 (11th Cir. 2013); *Heath v. Jones*, 941 F.2d 1126, 1132 (11th Cir. 1991). But errors in calculating the advisory sentencing guidelines can be harmless, *see United States v. Barner*, 572 F.3d 1239, 1247 (11th Cir. 2009), and we conclude that any error as to relevant conduct would have been deemed harmless on direct appeal because the district court's findings and comments indicate that the same sentence would have been imposed.

The relevant conduct that Dr. Friedlander now says his appellate counsel should have challenged added one level to the offense level, placing Dr. Friedlander at  level 41 (with a range of 324 - 405 months). Without that conduct being considered under the advisory guidelines, Dr. Friedlander would have been at level 40 (with a range of 292 - 365 months). Not only were these ranges overlapping, the district court indicated that the guideline ruling would not likely impact the ultimate sentence. "I don't think as a practical matter [the relevant conduct finding] i[s] going to make any difference. It does impact the guidelines, but overall under [§] 3553(a), I certainly can consider it." Sentencing Transcript

7

[D.E. 304 in Case No. 8:08-CR-318-T-27TGW (M.D. Fla. 2008)] at 49-50.   As we read the record, any error in determining relevant conduct was harmless, and thus Dr. Friedlander was not prejudiced by appellate counsel's purportedly deficient performance.

## III

Because we conclude that Dr. Friedlander has failed to satisfy the prejudice prong of *Strickland* with respect to the ineffective assistance of counsel claims contained in the certificate of appealability, we affirm the denial of his motion to vacate.[2]

**AFFIRMED.**

---

[2] We decline Dr. Friedlander's request to expand the certificate of appealability.